# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Kling Realty Co., Inc. and
Wallet Planting Co.

versus

Texaco, Inc.; Texaco
Exploration and Production,
Inc.; Chevron USA, Inc.; Estis
Well Service, LLC; and Jack P.
Martin Sr.

Civil Action No. 06-1492

Judge Tucker L. Melançon

Magistrate Judge Methvin

**MEMORANDUM RULING**

Before the Court is Plaintiffs' Joint Motion to Remand [Rec. Doc. 14] and Defendant Chevron USA Inc.'s ("Chevron") Opposition thereto [Rec. Doc. 17]. This action was removed from the Sixteenth Judicial District Court for the Parish of Iberia, State of Louisiana on August 30, 2006, pursuant to defendant's Notice of Removal claiming that this Court has original subject matter jurisdiction on the grounds of diversity of citizenship, 28 U.S.C. § 1332 [Rec. Doc. 7]. Chevron claims that the citizenship status of defendants Estis Well Service, LLC ("Estis") and Jack P. Martin, Sr. ("Martin") must be ignored due to improper joinder for the sole purpose of defeating federal jurisdiction, and that plaintiffs have not established a cause of action against either defendant Estis or Martin.

Plaintiffs request a remand pursuant to 28 U.S.C. § 1477(c) on on the basis that the individually named defendants, Estis and Martin, are proper party defendants to this suit, each with Louisiana citizenship status. Because plaintiffs are also citizens of Louisiana, plaintiffs maintain that a remand is proper under 28 U.S.C. § 1447 as diversity is incomplete and the Court lacks subject matter jurisdiction.

For the following reasons, plaintiffs' Motion to Remand will be DENIED and plaintiffs' claims against Estis Well Service, LLC and Jack P. Martin, Sr. will be dismissed.

*I. Background.*

Plaintiffs allege that they are the lessors, assigns and/or successors in interest to certain Oil , Gas and Mineral Leases between plaintiff and defendants; or own real property that has been contaminated or otherwise damaged by the oil and gas activities, including exploration and production, conducted or controlled by one or more of the defendants. (*Complaint,* ¶ 4). Plaintiff claims that defendants knew or should have known that their conduct would cause the alleged property and other damages to plaintiffs. Additionally, plaintiffs claim that defendants had sufficient control to constitute *garde* under the provisions of La. C.C. Art. 2317, thus defendants had a duty to protect plaintiffs and its property from the effects of land loss, contamination and pollution suffered, and that defendants' violation of this duty

proximately caused damage to plaintiffs and its property for which defendants are strictly liable. (*Complaint,* ¶ 19).

## *II. Standard of Review.*

Under 28 U.S.C. § 1447(c), a district court is mandated to remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction. Plaintiffs contend that, because Estis and Martin are citizens of Louisiana, there is an absence of complete diversity of citizenship and thus no subject matter jurisdiction. Defendants maintain that removal of this case was proper and that a remand is not warranted because Estis and Martin were fraudulently joined in this suit. A district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been *"*improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 572 (5th Cir. 2004).

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981). "The purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* To prove that a non-diverse defendant was improperly joined, the removing party must show actual fraud in the pleading of

3

jurisdictional facts or an inability of a plaintiff to establish a cause of action against a defendant in state court. *See McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned." *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40 (5th Cir.1992); *Burden v. General Dynamics*, 60 F.3d 213, 216 (5th Cir. 1995). "The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). Therefore, a defendant may establish improper joinder by demonstrating that, "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir.2003)).

The court conducts a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *See McKee v. Kansas City S. Ry. Co.,* 358 F.3d 329, 334 (5th Cir.2004). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6)

challenge, there is no improper joinder." *Smallwood,* 385 F.3d at 573-574. If necessary, the Court may, in its discretion, resolve the claims by a summary judgment-like procedure. Although the district court may "pierce the pleadings" to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Id.* In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. "In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

### III. Law and Analysis.

Defendant contends that plaintiffs have not established a reasonable basis or possibility for recovery against Estis or Martin. Plaintiffs argue that they have a reasonable basis to believe that they have a valid claim against Estis and Martin based on their factual allegations that Martin served as supervisor of production and Estis conducted activity in which both contributed to plaintiffs' damages [*Plaintiff's Complaint,* Rec. Doc. 1]. Plaintiffs contend that defendant's allegation of improper

5

or fraudulent joinder is unwarranted and without an objectively reasonable basis other than the petition being vague. (*Plaintiffs' Memorandum,* p.4).

Plaintiffs claim that they have a reasonable basis in making Estis a defendant because Estis "conducted, directed, controlled, or participated in various oil and gas exploration and production activities as operators, working interest owners, and/or joint ventures." (*Plaintiffs' Memorandum,* p. 3). Defendant argues that such statement is unsupported and erroneous. It contends that plaintiffs make general allegations directed at all named defendants but have put forth no evidence to connect Estis as an owner or operator in support of the above statement. (*Id.,* p. 4). Defendant claims that plaintiffs have failed to establish a reasonable possibility of recovery against Estis because they fail to make any specific allegations against Estis directly that would support a theory of liability against it. (*Defendant's Memorandum,* p. 3)

Defendant points to Louisiana Department of Natural Resources, Office of Conservation records as evidence that Estis lacked any ownership or proprietary interest in the wells on the property. Also, defendant provides Chevron records relating to the property and an affidavit of Mr. James G. Larre,[1] employed by Chevron

---

[1] According to defendant's Memorandum (p.4) and the affidavit of James G. Larre, attached to Defendant's Memorandum as Exhibit "B", Mr. Larre has been employed by Chevron for the past twenty-eight (28) years. As Staff Land Representative for the Land Business Unit- Gulf of Mexico, Larre is familiar with the lease and land records maintained in Chevron's Gulf of Medico Shelf Business Unit, including the records of Texaco, Inc. and Texaco Exploration and

6

as Staff Land Representative for the Land Business Unit- Gulf of Mexico, that establish that Estis is not and was not previously an operator of any of the wells located on the portion of plaintiffs' property at issue, nor was a working interest owner or joint operating participant with regards to the property.  As it were, the pleadings do not contain specific allegations nor have plaintiffs provided documentary evidence contrary to the above.

Like in *Hawthorne Land Co. v Occidental Chemical Corp.,* 431 F.3d 221 (5th Cir. 2005), appropriately cited by defendant, in this case, "a summary inquiry into the facts reveals that such claims could not survive a motion to dismiss.  As defendants point out, without rebuttal by plaintiffs, there is no documentary connection between [identified defendants and the property at issue]... The petition does not allege any connection, and the defendants convincingly show that [the allegations made by] plaintiffs in the motion to remand do not reveal a connection, either." *Id.* at 225. Furthermore, even if the proffered affidavit of Mr. Larre is self-serving, the Fifth Circuit noted in *Hawthorne* that it is still "evidence which plaintiffs have not contradicted on even a superficial level." *Id.*  Therefore, there is no reasonable basis for the Court to predict that plaintiffs could recover against Estis.

---

Production, Inc., particularly as regards the nature and extent of Texaco, Inc. and Texaco Exploration and Production, Inc.'s exploration and production operations on plaintiffs' property, as descried in plaintiffs' petition.

As for defendant Jack P. Martin, Sr.("Martin"), defendant argues that plaintiffs have failed to state a claim upon which relief may be granted against Martin. The petition states that Martin,

> [s]erved as supervisor of production for the operators who conducted production activities in the subject oil field. He directly and personally supervised...installations or equipment used in connection with production activities on the Plaintiffs' property. He had personal knowledge of all defendants that caused or contributed to the pollution complained of herein...in his supervisory capacity he had the authority to prevent or limit such activities. Martin knew that production, disposal and discharge activities conducted on the subject property were hazardous to persons and property...Despite his knowledge, Martin failed to warn petitioners concerning the nature and extent of the pollutants on the property. Martin had a personal duty to protect the Plaintiffs and their property, and he breached that duty, thereby causing the damages described in this petition. (*Plaintiff's Complaint,* ¶ 28).

In sum, plaintiffs argues that Martin's supervisory capacity gave him the authority and a personal duty to prevent or limit the hazardous pollution affecting the property; a duty which Martin violated and thus renders him personally liable to plaintiffs. (*Plaintiff's Memorandum,* p. 3). Defendant argues that allegations contained in both Plaintiffs' Complaint and Motion to Remand are vague regarding the relationship between Martin and the subject property, and fail to identify the employer for whom Martin worked while conducting these supervisory activities or allege any specific acts performed by Martin that would give rise to a personal duty owned to plaintiffs. (*Defendant's Memorandum,* p. 7).

In *Whitehead v. Pilgrim's Pride Corp.*, 2006 WL 220834 (W.D.La. 2006) (Drell, J.), the Court examined Louisiana jurisprudence in considering a Motion to Remand where, like in the instant matter, defendant claimed that the non-diverse defendants were improperly joined and should be dismissed. The *Whitehead* Court turned to *Canter v. Koehring,* 283 So.2d 716 (La.1973), in which the Louisiana Supreme Court established the following criteria to determine whether an individual employee can be held personally liable to a third party: (1) the principal or employer owes a duty of care to the third person ...breach of which has caused the damage for which recovery is sought; (2) this duty is delegated by the principal or employer to the defendant; (3) the defendant officer, agent, or employee has breached his duty through personal (as contrasted with technical or vicarious) fault; and (4) with regard to the personal fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for some function of employment. He must have a personal duty toward the injured plaintiff, the breach of which specifically has caused the plaintiff's damages." *Whitehead,* 2006 WL at *4 (quoting *Canter,* 283 So. 2d. at 721).

In *Ford v. Elsbury,* 32 F.3d 931, 936 (5th Cir.1994), the Fifth Circuit noted that the liability of a supervisor-employee, such as a plant manager, "turns on such factual issues as (1) whether [the plant manager] or others delegated with due care the

9

responsibility of safe maintenance and operation of the [urea reactor], and (2) whether [the plant manager] was aware or should have been aware of a risk of harm and nevertheless failed to respond to the risk in the manner in which a reasonably prudent [plant manager] would respond in the same or similar circumstances. A supervisor's knowledge of the dangers present 'could give rise to the personal duty contemplated in *Canter*'." *Id.* (*quoting Hayden v. Phillips Petroleum Co.,* 788 F.Supp. 285, 287 (E.D.La.1992)). The Fifth Circuit considered and relied on plaintiff's submitted evidence, including the affidavits of the plant manager as well as affidavits of several employees of the plant that contradicted the plant manager's testimony. Because of the contradicting testimony, the Fifth Circuit held that the defendants failed to satisfy their burden to prove that there was no possibility that the plaintiffs could recover from the plant manager which is necessary to establish fraudulent joinder. *Id.* at 936.

The facts before this Court in the instant case are distinguishable from *Ford*. In *Ford,* the evidence provided by plaintiffs suggested, by affidavit testimony, that the plant manager knew of the leak, therefore indicating that there was a possibility of recovery against the plant manager. Here, plaintiffs make general and unsupported allegations that Martin breached a personal duty owed to them. Plaintiffs have not provided any evidence in support of their Motion to Remand relating to the damage caused to the subject property or to Martin's knowledge thereof. There is no evidence

that any of plaintiffs' allegations arise from a non-managerial duty or that Martin's position and responsibilities entailed more than general administrative and managerial responsibilities where Martin could be held personally responsible under *Canter*. Moreover, plaintiffs have failed to produce any evidence that supports the allegation that Martin knew or should have known of any ongoing activities hazardous to the property, and how a reasonable "supervisor" in Martin's position should have acted on that knowledge. The plaintiffs only point to the fact that Martin supervised certain activities of the defendants' on the subject property at the time of the incident, that the supervisory position presupposes certain knowledge, and claim a personal duty arising from the previous to plaintiffs. Under Louisiana law, however, there must be more before a court can find that there is a possibility of finding personal fault on the part of an employee. Conclusory allegations, as found in plaintiffs' Complaint and Motion to Remand, are not enough to establish a *Canter* duty, as set out above. *See, Hornsby v. AlliedSignal,* 961 F. Supp. 923 (M.D. La. 1997). The plaintiffs have not set forth any summary judgment type evidence or any other facts which would establish that there is a possibility that Martin could be held personally liable under *Canter*.

"The court must look beyond plaintiffs, arguments about the facts and examine the specific facts and evidence which have been submitted to the court to determine if there is any possibility of recovery against [the plant manager]." *Hornsby,* 961

11

F.Supp. at 929. Based on the above and a careful examination of the facts submitted to this Court in the light most favorably to the plaintiff, the Court cannot conclude that plaintiffs have a possibility of recovering from Martin.

*IV. Conclusion.*

For the reasons stated, the Court concludes that defendant has carried his burden of establishing that there is no possibility that plaintiffs could maintain a cause of action against either Estis Well Service, LLC or Jack P. Martin, Sr. As such, the identified defendants were improperly joined in this suit. Accordingly, plaintiffs' Motion to Remand will be denied and plaintiffs' claims against Estis Well Service, LLC and Jack P. Martin, Sr. will be dismissed.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Kling Realty Co., Inc. and Wallet Planting Co.<br><br>versus<br><br>Texaco, Inc.; Texaco Exploration and Production, Inc.; Chevron USA, Inc.; Estis Well Service, LLC; and Jack P. Martin Sr. | Civil Action No. 06-1492<br><br>Judge Tucker L. Melançon<br><br>Magistrate Judge Methvin |

## ORDER

Before the Court is Plaintiffs' Joint Motion to Remand [Rec. Doc. 14] and Defendant Chevron USA Inc.'s Opposition thereto [Rec. Doc. 17]. For reasons stated,

IT IS ORDERED that Plaintiffs' Motion to Remand [Rec. Doc. 7] is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' claims against Estis Well Service, L.L.C. and Jack P. Martin are DISMISSED.

Thus done and signed this 8th day of January, 2007 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE