RECEIVED
DEC 0 5 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

Kling Realty Co., Inc., et al             Civil Action 06-1492

versus             Judge Tucker L. Melançon

Texaco, Inc., et al             Magistrate Judge Methvin

## JUDGMENT

Before the Court is Chevron U.S.A. Inc.'s Motion to Reconsider September 11, 2007 Memorandum Ruling and Judgment on Chevron U.S.A. Inc.'s Motion for Partial Summary Judgment [Rec. Doc. 51]. In its motion, Chevron contends that "the Court's consideration of plaintiffs' affidavits relating to Chevron's alleged concealment from plaintiffs of 'permanent contamination' amounts to allowing plaintiffs to plead fraud and mistake, notwithstanding plaintiffs' failure to plead fraud and/or mistake with specificity in the petition prior to the deadline to amend the pleadings.... and is contrary to the strong public policy that supports honoring the purpose of a release that does not lead to an absurd result." *Id.*

A motion to reconsider a dispositive pretrial motion is analogous to a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), when it is served within ten (10) days of the Court's ruling. *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990). Because defendant seeks relief from a motion for summary judgment, the Court treats its motion as a motion to alter or amend the summary judgment pursuant to Rule 59(e) rather than a motion for new

trial as such. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 784, n. 1 (5th Cir.1996) (considering motion for new trial as a Rule 59(e) motion to reconsider entry of summary judgment). Rule 59(e) affords the Court significant discretion when deciding whether to alter or amend its judgment. *Id.* at 174. While Rule 59(e) does not set forth any specific grounds for relief, courts have generally considered four factors: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact upon which the judgment is based; or (4) prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

The Court finds that Chevron, Inc. has failed to raise any ground upon which its motion should be granted. Moreover, the Court's ruling was based on its consideration of the record of this matter as well as the applicable law. Accordingly,

IT IS ORDERED that Chevron U.S.A. Inc.'s Motion to Reconsider September 11, 2007 Memorandum Ruling and Judgment on Chevron U.S.A. Inc.'s Motion for Partial Summary Judgment [Rec. Doc. 51] is DENIED.

Thus done and signed this 4th day of December, 2007 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

COPY SENT:
DATE: 12/5/07
BY: CW
TO: TLM
PS